UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,          No. 21-cr-20665

                                  Hon. Terrence G. Berg

v.

D-2  SAMANTHA GILLIAM,

          Defendant.

_____/

**COMBINED MOTION AND BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS MADE IN VIOLATION OF MS. GILLIAM'S 5TH AMENDMENT RIGHT TO REMAIN SILENT.**

Now Comes Maria Mannarino on behalf of Ms. Samantha Gilliam and moves the Court to Suppress Statements Made in Violation of Ms. Gilliam's 5th Amendment Right to Remain Silent. In support thereof, Ms. Gilliam states the following:

1. On April 14, 2022, a Grand Jury returned a 12- Count Superseding Indictment charging Quiyemabi Summerlin and Ms. Samantha Gilliam ("Gilliam") with violations of federal law; Ms. Gilliam was specifically charged in four counts: Conspiracy to Engage in Sex trafficking (Count 1) in violation of 18 U.S.C. §1594(c); Sex trafficking by force, fraud or coercion (Counts 2 and 6), in violation of 18 U.S.C. § 1591(a)(1); and Maintaining a Drug Premises(Count 8), in violation of 21 U.S.C. § 856 .

1

. 2. The Southeast Michigan Trafficking and Exploitation Crimes Task Force (SEMTEC) identified Summerlin as a pimp who provided crack cocaine and heroin to women working commercial sex dates for him. SEMTAC officers interviewed more than 10 females who claimed to be part of the commercial sex operation. The adult females said that Summerlin forced them to perform commercial sex dates out of a basement in a residence on Berden Street. The women stated that Samantha Gilliam lived upstairs in the home and that they would bring the money they earned upstairs to Summerlin, and if not, to Gilliam. The women reported being at the Berden residence at different times ranging from September 2018 to October 2021.

3. In October 2021, law enforcement agents and officers executed a federal search warrant at the Berden residence. Present in the home were Summerlin and two adult females in the basement of the residence. Summerlin said during an interview that his fiance Samantha, owned the house for ten or eleven years and that Gilliam's minor daughter stayed at the residence. Ms. Gilliam was not present at the time of the execution of the search warrant.

4. The search of the Berden residence recovered suspected narcotics. Law enforcement also observed a scale, needles and a cutting agent. The suspected narcotics were subsequently tested by the Michigan State Police Laboratory which identified the narcotics as heroin, Fentanyl, Para-Flurofentanyl and

2

Cocaine.

5. During the search, the affiant went into the basement of the home. In the basement, the affiant observed furniture and surroundings that matched a commercial sex operation.

6. Ms. Gilliam was interrogated by Detroit FBI Field Officers on March 3, 2022. Ms. Gilliam was read her rights. After being informed of her rights, Ms. Gilliam asserted her rights; The interrogating officer disregarded her demand, and continued interrogating Ms. Gilliam.

7. The questioning officers failed to scrupulously honor her right to remain silent and elicited statements in violation of the Fifth Amendment and Miranda v. Arizona. *Miranda v. Arizona*, 384 U.S. 436, 444–45, 473–74, (1966).

8. Pursuant to Local Rule 7.1, Counsel sought concurrence from Assistant United States Attorneys; they do not concur with the relief requested.

9. Because Ms. Gilliam's rights were violated, Counsel respectfully asks this Court to suppress all statements made by her during her interrogation.

Respectfully Submitted,

s/Maria Mannarino
Attorney for Ms. Gilliam

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
          Plaintiff,          No. 21-cr-20665

                                  Hon. Terrence G. Berg

v.

D-2  SAMANTHA GILLIAM,

          Defendant.

_____/


## BRIEF IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS MADE IN VIOLATION OF MS. GILLIAM'S 5TH AMENDMENT RIGHT TO REMAIN SILENT.

The Fifth Amendment to the United States Constitution provides that "[n]o person …shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V; *see also Malloy v. Hogan,* 378 U.S. 1, 6 (1964)(extending the protection from compulsory self-incrimination to the states through the Fourteenth Amendment). Miranda mandates that "the prosecution may not use statements, whether exculpartory or inculpatory, stemming from  interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Id.* At 444.  "The purpose of the Miranda warning is to ensure that the person in custody has sufficient knowledge of his or her constitutional rights relating

5

to the interrogation and that any waiver of such rights is knowing, intelligent, and voluntary." *United States v. Carter,* 489 F.3d 528, 534 (2d Cir. 2007).

### A. Ms. Gilliam Invoked her Right to Remain Silent After Questioning Began and the Officer Failed to Scrupulously Honor Her Request by Continuing to Question Her.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." Police officers must warn suspects prior to questioning that they have a right to remain silent, and if the suspect indicates that he wishes to remain silent, the interrogation must cease. *Maryland v. Shatzer,* 559 U.S. 98, 103-04 (2010); *Miranda v. Arizona,* 384 U.S. 436, 444-45 (1966). Specifically, Miranda holds that if a person subject to interrogation "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Id.* at 445. Invocation of the right to remain silent must be construed liberally in favor of an accused. *Hoffman v. United States,* 341 U.S. 479, 486 (1951). An accused need not rely on specific talismanic phrases or "any special combination of words" to invoke these rights. *Quinn v. United States,* 349 U.S. 155, 162 (1955).

Police must "scrupulously honor" the suspect's wishes by waiting for a significant period of time or by administering a fresh set of Miranda warnings before resuming questions. *Michigan v. Mosley,* 423 U.S. 96, 106 (1975). Here, because no curative measures intervened to restore Ms. Gilliam's opportunity to exercise her Miranda

6

rights after she expressly invoked her right to remain silent, the continued questioning blatantly violated the Fifth Amendment.

Miranda clearly requires that once an individual invokes his right to remain silent at any time, then "the interrogation must cease." *Miranda,* 384 U.S. at 473. Miranda requires that the procedures utilized by agents warn a suspect of his right to remain silent and assure that the suspect that the exercise of that right will be honored. Here, it was not.

### B. The Statements Should be Suppressed Because The Police Did Not Scrupulously Honor Ms. Gilliam's Right to Remain Silent.

Admissibility of statements made by a suspect will turn on "whether his right to cut off the questioning was scrupulously honored." *Mosley,* 23 U.S. at 104 (statements made after the suspect's invocation of his Miranda rights admissible when questioning resumed "only after the passage of a significant period of time and the provision of a fresh set of warning," and only when restricted "to a crime that had not been a subject of the earlier interrogation").

Here, Ms. Gilliam's Miranda assertion of her rights was ignored, and agents engaged in conduct expressly prohibited. The agents failed to "scrupulously" honor Ms. Gilliam's right to remain silent. In fact, they did not honor it at all. Any statements elicited from Ms. Gilliam after she invoked her right to stop questioning and remain silent, must be suppressed. Therefore, Ms. Gilliam respectfully asks this Court to suppress all statements made during her interrogation.

7

        Respectfully,

        *Maria Mannarino*

        Maria Mannarino
        Attorney for Ms. Gilliam
        500 Griswold, Suite 2450
        Detroit, MI 48226
        248-761-7347
        mmannarino@comcast.net

April 3, 2023

## Certificate of Service

I certify that on 4-3-23, I filed a copy of the above Motion and Brief upon the Clerk of the Court using the ECF filing system, and such motion and brief will be sent to all attorneys of record.

        *Maria Mannarino*
        Maria Mannarino