# United States District Court
for the
**Eastern District of Michigan**

U.S.A. vs. **Samantha Gilliam**             Case No. 21-cr-20665-02

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Tacarra Lanzon, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Samantha Gilliam, who as placed under pretrial release supervision on a $10,000.00 Unsecured bond by United States Magistrate Judge <u>Kimberly G. Altman</u> sitting in the court at <u>Eastern District of Michigan</u>, on <u>March 4, 2022,</u> under the following conditions:

1. Report to Pretrial Services as directed.
2. Travel restricted to the Eastern District of Michigan.
3. Do not obtain a passport or other international travel document.
4. Avoid all contact, directly or indirectly, with any person who is or may become a victim or witness in the investigation or prosecution, including but not limited to, Quiyemabi Summerlin.
5. Do not possess a firearm, destructive device, or other dangerous weapon.
6. Not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
7. Submit to drug and alcohol testing as directed by Pretrial Services.
8. Participate in a substance abuse evaluation and treatment as directed by Pretrial Services.
9. Clear outstanding warrants as directed.

---

On April 28, 2022, the defendant appeared in Court before United States Magistrate Judge Jonathan J.C. Grey for an arraignment on a Superseding Indictment which charges her in count one with violation of Title 18, United States Code § 1594(c) – Conspiracy to Engage in Sex Trafficking, in count six with violation of Title 18, United States Code § 1591(a)(1) – Sex Trafficking by Force Fraud or Coercion, and in count eight with violation of Title 21, United States Code § 856 – Maintaining a Drug Premises. Bond was continued.

On October 25, 2022, the defendant appeared in court before Your Honor for Motion Hearing, pursuant to the government's Motion to Revoke Bond. Bond was continued.

On August 10, 2023, with the defendant's consent, bond was modified to add the condition that she participate in a mental health evaluation and treatment as directed by Pretrial Services.

Per CM/ECF, the next scheduled court date is a Pretrial Conference set for January 18, 2024, at 10 a.m.

At the time of the defendant's initial appearance, she reported a history of daily marijuana use that began in adolescence and continued until the day prior to her arrest. She also provided an initial urinalysis that returned a positive result for marijuana. Since being released on bond, the defendant has been subject to monthly drug testing and has incurred three formal bond violations related to failure to submit to testing as directed and submission of positive drug tests.

On July 31 and September 21, 2023, the defendant provided urinalyses which returned positive for marijuana. At the time of each drug test, she admitted to marijuana use the weekend prior to her submission. She reported intermittent use of marijuana as a response to personal stressors and a lack of appropriate coping skills.

As previously noted, in response to her noncompliance with testing and ongoing marijuana use, she was referred to and completed an eight-week term of substance abuse group therapy. Additionally, she was referred for a substance abuse evaluation and has begun participating in outpatient treatment to address her substance use and underlying mental and emotional health concerns.

The defendant was counseled about the consequences of ongoing marijuana use, and informed that she will continue to be subject to ongoing drug testing. Pretrial Services will continue to support the defendant with ongoing drug testing and treatment, and is not recommending adverse action at this time.

Additionally, Ms. Gilliam continues to have several outstanding warrants, all of which were active at the time of her release on bond. She was given instructions to clear these warrants as to come into compliance with the bond condition that she clear warrants as directed; however, Ms. Gilliam indicated a financial barrier to doing so as the warrants have high bond amounts that she advised she is unable to pay at this time.

Pretrial Services will continue to inform Your Honor of the defendant's adjustment to supervision.

**Respectfully presenting petition for action of court and for cause as follows:**

**PRAYING THAT THE COURT WILL ORDER a Bond Review Hearing to be held on November 6, 2023 at 3:00 p.m. so that Defendant can answer as to the above noted violation(s).**

I declare under penalty of perjury that the foregoing is true and correct.
Executed on October 17, 2023

Respectfully,

/s/Tacarra Lanzon

Senior United States Pretrial Services Officer
Place: Detroit, Michigan
Date: October 17, 2023

**THE COURT ORDERS:**

[ ] No Action

[ ] Modification of Pretrial Conditions as Requested

[ X ] Bond Review Hearing and defendant to appear before the Judge assigned to the case on [November 6, 2023] at 3:00 p.m.

[ ] The Issuance of a Warrant [check one of the below]
    [ ] Defendant to appear before the Judge assigned to the case
    [ ] Defendant to appear before the Duty Magistrate Judge

[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.

[ ] Other:_____

ORDER OF COURT

Considered and ordered this 23rd day of October, 2023 and ordered filed and made a part of the records in the above case.

/s/Terrence G. Berg

United States District Court Judge
Terrance A. Berg