United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

Case No. 21-20665

v.

Hon. Terrence Berg

D-2 Samantha Christine
Gilliam,

        Defendant.

_____/

**F I L E D**

APR 3 0 2024

CLERK'S OFFICE
U.S. DISTRICT COURT

# Plea Agreement

The United States of America and the defendant, Samantha Christine Gilliam, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.  Counts of Conviction

The defendant will plead guilty to Count 1 and Count 10 of the Second Superseding Indictment. Count 1 charges the defendant with conspiracy to engage in sex trafficking under 18 U.S.C. § 1594(c). Count 10 charges the defendant with maintaining a drug premises under 21 U.S.C. § 856.

Page **1** of **22**

## 2.    Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which she is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to life in prison |
|---------|----------------------|----------------------|
|         | Fine: | $250,000 |
|         | Term of supervised release: | At least 5 years |
| Count 10 | Term of imprisonment: | Up to 20 years in prison |
|          | Fine: | $250,000 |
|          | Term of supervised release: | Up to 3 years |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case.

Specifically, the United States Attorney's Office will move to dismiss Counts 2, 6, 7 and 8 of the Second Superseding Indictment. These counts charge sex trafficking under 18 U.S.C. § 1591(a)(1) and carry a mandatory minimum penalty of 180 months.

**4.    Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional sex trafficking and controlled substance charges against the defendant for the time alleged in the Second Superseding Indictment.

**5.    Elements of Counts of Conviction**

The elements of conspiracy to engage in sex trafficking, Count 1, are: (1) two or more persons conspired, or agreed, to commit the crime of sex trafficking[1]; and (2) the defendant knowingly and voluntarily joined the conspiracy.

---

[1] The elements of the crime of sex trafficking are: (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person; (2) the defendant knew that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act; and (3) the offense was in, or affected, interstate or foreign commerce.

The elements of maintaining a drug premises, Count 10, are: (1) the defendant knowingly leased, rented, used, or maintained a place; and (2) the defendant did so for the purpose of manufacturing, distributing, or using a controlled substance.

**6.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

From at least August 2019 through October 14, 2021, Defendants Samantha Gilliam and Quiyemabi Summerlin lived in Gilliam's home on Berden Street in Detroit. During this time, Summerlin brought women to stay in the basement of the home, including Adult Victims One through Seven. In Gilliam's home, Summerlin provided the adult victims with heroin and crack cocaine, which they used in the basement. Summerlin and Gilliam used and maintained her home to distribute controlled substances to the adult victims, and for the adult victims to use controlled substances within the home.

In addition, Summerlin arranged commercial sex dates for the adult victims, which they performed in the basement of Gilliam's

residence. The adult victims handed the proceeds from their commercial sex dates to Summerlin, or, if Summerlin was not available, directly to Gilliam. Summerlin and Gilliam knew that the adult victims were addicted to heroin, and that without heroin, they would experience severe withdrawal symptoms. Summerlin required the victims to perform commercial sex acts by withholding or threatening to withhold heroin from them. Summerlin and Gilliam conspired, or agreed, to use the victims' heroin addictions to cause them to engage in commercial sex acts. Summerlin also used violence to cause the victims to engage in commercial sex acts. Gilliam saw Summerlin use violence against the adult victims.

### 7.   Advice of Rights

The defendant has read the Second Superseding Indictment, has discussed the charges and possible defenses with her attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

## 8.    Collateral Consequences of Conviction

The defendant understands that her convictions here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her convictions

here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

## 9.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offenses to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies: pursuant to USSG §2G1.1(a)(1), the base offense level for Count 1 is 34.

The parties have no other recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the

Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 5-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the

defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.   Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.    Forfeiture**

Pursuant to 18 U.S.C. § 1594, defendant agrees to forfeit to the United States of America (1) any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of the offenses, and any property traceable to such property; and (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses, and any property traceable to such property.

Pursuant to 21 U.S.C. § 853, defendant agrees to forfeit to the United States, any and all property that constitutes or is derived from proceeds traceable to defendant's violation of Title 21, and/or property

**Page 13 of 22**

used, or intended to be used, to commit or facilitate the commission of such violation.

Subject property to be forfeited includes, but is not limited to, the following:

- Steven Arms Company 12 ga shotgun, Model: 620, S/N: 103115U;

- Five (5) SLA 12 gauge ammunition from inside of shotgun;

- Box of Forty-Three (43) rounds of 9mm CCLA ammunition; and

- Loose CCLA ammunition – Four (4) .45 and One (1) .44 Magnum.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

Defendant expressly waives her right to have a jury determine forfeitability of her interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that she understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise her of her rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

Defendant agrees not to contest, and agrees not to assist anyone else in contesting, any non-judicial and/or judicial forfeiture of property that is subject to forfeiture as a result of defendant's Title 21 violation in this criminal case.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection

with the seizure and forfeiture of the firearms and ammunition referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.    Special Assessment

The defendant understands that she will be required to pay a special assessment of $200, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. However, if the Court finds that the defendant is indigent, she will not be ordered to pay this amount.

### 11.  SORNA

Defendant understands that by pleading guilty in this case, she will be required to register as a sex offender, under both federal and state registration requirements. As a condition of her release from prison on supervised release in this case, defendant will be obligated to

promptly register under the federal sex offender registry. Defendant
may also be required to register under the law of the state in which she
resides, as well as any state where she has significant contacts
(including any state where he resides, works, attends school or
otherwise has significant contacts). Defendant further understands that
she will be required to maintain and update his registration for at least
twenty years, and potentially for the rest of her life.

## 12.   Appeal Waiver

The defendant waives any right she may have to appeal her
conviction on any grounds. If the defendant's sentence of imprisonment
does not exceed the top of the guideline range determined by the Court,
the defendant also waives any right she may have to appeal her
sentence on any grounds.

## 13.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective
assistance of counsel or prosecutorial misconduct, as long as the
defendant properly raises those claims by collateral review under 28
U.S.C. § 2255. The defendant also retains the right to pursue any relief
permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any

other right she may have to challenge her conviction or sentence by

collateral review, including, but not limited to, any right she may have

to challenge her conviction or sentence on any grounds under 28 U.S.C.

§ 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241,

or Federal Rule of Civil Procedure 59 or 60.

**14.    Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea(s) or

breaches this agreement, or if the Court rejects this agreement, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the defendant has been permitted to plead guilty to a lesser-included

offense, the government may also reinstate any charges or file any

additional charges against the defendant for the greater offense, and

the defendant waives his double-jeopardy rights with respect to the

greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 15.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 16.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 17.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**18.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 5:00 p.m. on April 30, 2024. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Sara Woodward
Chief, General Crimes Unit
Assistant United States
Attorney

_____
Tara Hindelang
Assistant U.S. Attorney

Dated: April 30, 2024

By signing below, the defendant and her attorney agree that the
defendant has read or been read this entire document, has discussed it
with her attorney, and has had a full and complete opportunity to
confer with her attorney. The defendant further agrees that she
understands this entire document, agrees to its terms, has had all of his
questions answered by her attorney, and is satisfied with her attorney's
advice and representation.

_Maria Mannarino_
Maria Mannarino
Attorney for Defendant

_/Samantha Gilliam_
/Samantha Gilliam
Defendant

Dated: 4.30.24

Page **22** of **22**